Shaw, C. J.
These are two appeals from the probate court of this county, substantially presenting the same question. Richard W. Bayley, of Boston, executed his will at Boston, bearing date the 2d of March, 1847, with a codicil dated and executed at Boston on the 28th of February, 1848. The next autumn, the testator being infirm, and in feeble health, left Boston to visit his friends at West Troy, in the state of New York, and to go to Saratoga springs. On his return from Saratoga springs, he went to the house of his relatives in West Troy, with health much impaired; and, believing himself to be near the close of life, he executed a paper, which is the principal subject of discussion in the present case. He was in the full possession of his mental faculties, when he executed this paper, and died about two hours after its execution. The paper, which was subscribed by the testator, in the presence of two subscribing witnesses, is in these words: — “West Troy, July 31, 1848. Mr. Joseph C. Bailey: It is my wish that the will that I made be destroyed, and my estate settled according to law.” This paper was presented to the judge of probate, for proof and allowance, both as a revocation of the former will and codicil, and also as a last will and testament. The probate court allowed the will and codicil, executed at Boston, and admitted the same to probate, and by another decree declined admitting to probate the paper executed at West Troy. Appeals were taken from both these decrees, for the same reason, substantially, namely, that the will and codicil ought not to have been allowed, because they had been revoked; and that the paper executed at West Troy ought to have been allowed; so that in either case the estate of said Bayley would be settled as an intestate estate.
The instrument executed at West Troy would have no *259 effect to revoke the prior will and codicil, were it not within the provisions of St. 1843, c. 92; but it is insisted, on behalf of the appellants, that by the force and operation of that statute, this paper, executed, as it purports to be, in the presence of two witnesses, and attested by them, under the circumstances stated in the report, operated as a revocation of the prior will and codicil. The act provides, that any will of an inhabitant of this state, made in any other of the United States, or in any foreign country, and which might be proved and allowed according to the laws of such state or country, may be proved and recorded in this state, and may be proceeded in, and have the same effect, as if it had been executed conformably to the provisions of the Rev. Sts. c. 62, § 6.
By the Rev. Sts. c. 2, § 6, cl. 18, it is declared, that in the construction of all statutes, the term “ will ” shall be construed to include codicils. The statute of 1843, c. 92, therefore, will extend to a codicil, an instrument made after an original will, and to be regarded as if annexed to it, to be construed with and make a part of it.
The question then is, whether this paper, attested by two witnesses only, would be good and entitled to be proved as a will or codicil by the laws of New York. [Here the judge stated the substance of the law of New York, relating to the execution of wills, as given at length, ante, 249.] In looking at the evidence in the present case, it appears to us, that the instrument in question was executed in the manner, and with the formalities prescribed by law, to admit it to probate, as a testamentary instrument and codicil of the testator, in the state of New York.
It was subscribed by the testator, in the presence of the two attesting witnesses. The testator, in effect, declared it to be in conformity with his wish or desire. The instrument is very short, and very intelligible, consisting of but two lines, first, declaring his wish that his will should be destroyed; and, second, that his estate should be settled according to law. It was distinctly read aloud to him, at the time of the signing, by one of the witnesses, in the presence of the other and ol the testator’s wife ; and the testator, being then asked if that *260 would answer, said it would. The statute does not require any particular form of declaration; an assent to a question put by another is the declaration of the party assenting, if he clearly and distinctly comprehends the meaning of the question. Here the question was so short, and the idea expressed in it so clear and distinct, that in the full possession of his senses, as he was proved to be, he could not mistake it. It was therefore his declaration that it would do, or would answer; that is, that it would avail for the purpose he desired. The paper was subscribed in the presence of two witnesses, who attested it at his request.
The testator did not, indeed, in pursuance of the third clause of the fortieth section of the New York statute, declare it to be his last will and testament. Strictly speaking, it was not a last will and testament; because it did not devise or bequeathe property, or republish a former will, or nominate an executor, it was rather within the provisions of the forty-second section, a writing of the testator declaring a revocation of his former will in writing, and executed with the same formalities, with which a will was required by law to be executed.
The declaration, therefore, that this paper would answer, or would do, was a declaration that it would answer to accomplish the purpose and wish he had in view, as expressed in it, which was to annul his will, and leave his estate to be settled according to law. This was all the declaration which the truth of the case would admit, when executing a writing declaring such revocation according to the provisions of the forty-second section. In all other respects, the will was executed with the formalities required in the execution of a will. The requirement in the forty-first section, that the witnesses shall annex to their signatures the places of their residence, is merely directory; and the want of compliance with it does not affect the validity of the instrument.
The circumstance, that this paper was addressed to Joseph C, Bailey, who, it was understood, had the custody of the will at Boston, we think can make no difference ; the fact that the testator regarded it as something more than a letter or order, is manifest from his requesting the witnesses to attest it. A *261 good will, or testamentary paper, may be made in the form of a letter, if in other respects it bears the character, and is executed according to the requisites of a will.
We are therefore to look rather at the terms of the instrument, and the circumstances under which it was made, than to the mere external form, to ascertain whether it was a testamentary paper. Upon this point, it was urged, that this paper was rather an order or an authority to the keeper of his will, to destroy it, by cancellation or otherwise; and as this was never executed, and by no possibility could be executed, in his lifetime, it was unavailing. If the first clause in the writing stood alone, “ it is my wish, that the will I made be destroyed,” there would be some force in this argument; but the other clause we think is more decisive, “ that my estate be settled according to law,” that is, “ it is my wish that my estate be settled according to law.” It was a present declaration,— “it is my wish now;” and it was made by one, whose declaration of purpose, in the form required by law, was conclusive. It looked to the event of his death, to take its effect, and to have its operation ; no further act was required to give it the effect of a present revocation ; it was of itself a definitive act.
The conclusion to which the court have come is, that the term “ will ” in St. 1843, c. 92, includes every species of testamentary act, which takes its effect from the mind of the testator, requiring a sound and disposing mind and capacity, and manifested by the proper execution of an instrument in writing, and thus includes any testamentary writing which operates by way of revocation, and not by way of cancellation ; that the paper in question was intended to operate, as far as the testator had capacity to do it, as a testamentary declaration of a present wish, will, and purpose to annul his will, and a like present wish and purpose, that his estate should be settled after his decease, as an intestate estate; that it was not intended as a mere authority to the person, to whom it was addressed, to cancel or destroy his will physically, but also to declare his present will; that such a declaration duly made, signed, and attested, according to the laws of this common *262 wealth, will have effect in this state, as a will, codicil, or revocation, or, in the woius of the Rev. Sts. c. 62, § 9, as a writing signed, attested, and published in the manner provided for the making of a will; that being made in New York, in the manner and with the formalities required by the laws of that state for making a will, by force of the statute of 1843, c. 92, it has the same effect here ; and, therefore, that it must operate as a revocation of the will and codicil, and leave the estate to be settled as intestate conformably to the laws of this commonwealth.